IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MICHAEL D. FRANCIS,**

      **Plaintiff,**

vs.                                                                                        **No.  10cv0905 DJS**

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's (Francis's) Motion to Reverse or Remand Decision of the Commissioner and Brief in Support Thereof **[Doc. No. 16]**, filed April 29, 2011, and fully briefed on May 29, 2011.[1]  On September 1, 2009, the Commissioner of Social Security issued a final decision denying Francis's claim for disability insurance benefits and supplemental security income payments.  Francis seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).  Having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, the Court finds that the motion to remand is well taken and will be **GRANTED**.

### I.  Factual and Procedural Background

Francis, now forty-eight years old (D.O.B. April 9, 1963), filed his application for disability insurance benefits and supplemental security income payments on March 12, 2008 (Tr. 100), alleging disability since March 1, 2008, due to chronic obstructive pulmonary disease and major depression (Tr. 37).  Francis has a GED and past relevant work as a security system

---

[1] The Court's Briefing Order (Doc. No. 15) directed Plaintiff to file a reply by June 29, 2011, if he wished to do so.  Plaintiff did not file a reply and the parties have not filed a Notice of Completion.  Nonetheless, the Court assumes the motion is fully briefed.

installation technician. Tr. 24. On September 1, 2009, the Administrative Law Judge (ALJ) denied benefits, finding Francis was not disabled as he retained the residual functional capacity (RFC) "to perform light work except that he is limited to no more than occasional climbing and crawling, and must avoid concentrated exposure to extreme cold, fumes, odors, dusts, gases, and poor ventilation." Tr. 15. The ALJ also found Francis could "understand, remember and carry out detailed but not complex instructions; attend and concentrate for two hours at a time; interact adequately with co-workers and supervisors and respond appropriately to changes in a work setting. *Id.* On June 30, 2010, the Appeals Council denied Francis's request for review of the ALJ's decision. Tr. 1. Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes. Francis seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

## II. Standard of Review

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Servs.,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Moreover, "all of the ALJ's required findings must be supported by substantial evidence," *Haddock v. Apfel,* 196 F.3d 1084, 1088 (10th Cir. 1999), and all of the relevant medical evidence of record must be considered in making those findings, *see Baker v. Bowen*, 886 F.2d 289, 291 (10th Cir. 1989). "[I]n addition to discussing the evidence supporting his

decision, the ALJ must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996).  Therefore, while the Court does not reweigh the evidence or try the issues de novo, *see Sisco v. United States Dep't of Health & Human Servs.*, 10 F.3d 739, 741 (10th Cir. 1993), the Court must meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings, in order to determine if the substantiality test has been met.  *See Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994).

### III.  Discussion

In order to qualify for disability insurance benefits or supplemental security income payments, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity.  *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)).  The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f).  The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled.  *Thompson*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920.  At the fifth step of the evaluation, the burden of proof shifts to

the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.*

In support of his motion to reverse or remand, Francis makes the following arguments: (1) the ALJ erred in not fully and fairly developing the record as to material issues; and (2) the ALJ erred when he failed to investigate the facts and develop the arguments both for and against granting benefits.

**Failure to Develop the Record**

A claimant is responsible for furnishing medical evidence of claimed impairments. *See* 20 C.F.R. §404.1512(a), (c). However, the Commissioner also has the duty to ensure that an adequate record is developed relevant to the issues raised. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). This duty exists even when the claimant is represented by counsel. *Baca v. Dep't of Health and Human Servs.*, 5 F.3d 476, 479-80 (10th Cir. 1993). Additionally, §404.1512(d) states that the Commissioner will make "every reasonable effort" to help a claimant get records from his or her medical sources." 20 C.F.R. §404.1512(d).

Francis argues as follows:

> The hearing was held on May 20, 2009. The last treatment notes for COPD that are part of Mr. Francis's hearing exhibit file are from Dr. Chavez and dated January 28, 2008. There was a letter from Dr. Aries dated March 4, 2009 that informed the ALJ that Mr. Francis was seeking treatment from him for his chronic lung disease both with obstructive and reactive components. Dr. Aries's letter indicated that he believed Mr. Francis to be significantly limited in his ability to work due to these conditions. The spirometry testing indicates that Mr. Francis's chronic lung disease had progressed and worsened since January 28, 2008. The ALJ knew that these records existed at the time of the hearing and he should have obtained them in order to fully and fairly develop the record. Furthermore, the ALJ should have inquired whether Mr. Francis had obtained other medical treatment from January 28, 2008 to the date of the hearing on May 20, 2009. There is approximately sixteen months of medical treatment and records that would have been pertinent for the ALJ to consider in making his decision.

Pl.'s Mem. Support Mot. Reverse at 8.

> In his decision, the ALJ noted:
>
> A report from Dr. Aries dated March 4, 2009 reveals the claimant has chronic lung disease with both an obstructive and reactive component with air trapping confirmed on recent lung function testing. The doctor indicates that the claimant reports that his chronic lung condition makes it difficult for him to work.

Tr. 16. Dr. Aries's letter states,

> To Whom It May Concern:
>
> I am writing on behalf and at the request of Michael Francis who is a patient of mine. Mr. Francis has chronic lung disease with both an obstructive and reactive component with air trapping confirmed on recent lung function testing. Mr. Francis reports that his chronic lung condition makes it difficult for him to work. Please consider this information when considering Mr. Francis for disability. Please feel free to contact me if you need more information.

Tr. 247. Dr. Aries's letter does not support Francis's statement that Dr. Aries "believed Mr. Francis to be significantly limited in his ability to work due to [chronic lung disease both with obstructive and reactive components]." Pl.'s Mem. Support Mot. Reverse at 8. On December 17, 2007, Dr. Abderrahamane Temmar evaluated Francis and noted:

> Laboratory Data: Pulmonary function test that was done today show an FEV1/FVC of 46% of predicted, which is low. However the FEV1 is 2.03 liters, which is 48% of predicted, which is severely reduced, but this is a significant improvement from the baseline FEV1 which was 1.57 liters (38% of predicted) last time he had a pulmonary function test.[2]

Tr. 157. The January 21, 2009 results indicate an FEV1 of 1.46, which is 35% of predicted.

The records indicate several visits to Francis's health care providers in 2007 and one visit on January 28, 2008. There are no medical records from January 2008 to March 4, 2009, the

---

[2] The FEV1 is the volume exhaled during the first second of a forced expiratory maneuver started from the level of total lung capacity. FEV1 is by far the most frequently used index for assessing airway obstruction, bronchoconstriction or bronchodilatation; FEV1 expressed as a percentage of the VC is the standard index for assessing and quantifying airflow limitation. www.spirxpert.com/indices7.htm

date of Dr. Aries's letter.  The Court notes that Francis was initially represented by counsel.  On October 14, 2008, in requesting a hearing before an ALJ, Francis's counsel informed the Commissioner, "I have additional evidence to submit.  I will submit this evidence by November 13, 2008." Tr. 52.  However, Francis dismissed his counsel prior to the administrative hearing because he felt he did not need representation as his wife "kind of took, took hold of the reins and took over everything, contacted Senator Udall's office, at the time he was Congressman Udall, and she got this hearing bumped up a year from what [counsel] was telling me it would take them." Tr. 22 (testimony at administrative hearing).  Because he was no longer representing Francis, counsel did not submit the additional information.

The Court will remand this matter to allow Francis's new counsel to submit the additional medical records.  However, the Court expresses no opinion as to the extent of Francis's impairment or whether he is or is not disabled within the meaning of the Social Security Act.  The Court does not require any result.  This remand simply assures that the ALJ has a complete record before him.

Because the Court remands this matter on Francis's first issue, the Court need not consider his remaining allegations of error other than to note that the ALJ did not err by presenting his hypothetical question to the vocational expert at the beginning of the hearing.

A judgment in accordance with this Memorandum Opinion and Order shall be entered.

**DON J. SVET**
**United States Magistrate Judge**